**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3378
_____

UNITED STATES OF AMERICA,


v.

MICHAEL RODRIGUEZ,
                             Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-12-cr-00108-001)
District Judge: Hon. John E. Jones III
_____

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2014
_____

Before: FUENTES and SHWARTZ, *Circuit Judges*, and ROSENTHAL, *District Judge*.[*]

(Filed: March 31, 2014)
_____

OPINION
_____

ROSENTHAL, *District Judge*.

---

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Defendant-Appellant Michael Rodriguez pleaded guilty to a one-count information charging him with distributing and possessing with intent to distribute heroin, crack cocaine, and oxycodone, in violation of 21 U.S.C. § 841(a)(1). The United States District Court for the Middle District of Pennsylvania imposed a 27-month sentence. In this appeal, Rodriguez argues only that the District Court improperly treated his juvenile adjudications as adult convictions in determining his sentence. We will affirm.

## I

We assume the parties' familiarity with the facts and procedural history, which we recite only as needed to address the issue on appeal.

On April 20, 2011, the Pennsylvania State Police arrested Rodriguez after he sold two bricks of heroin to a confidential informant. While on bail, in January 2012, Rodriguez sold crack to a confidential informant on three occasions. In addition, the police had information that Rodriguez had sold a large quantity of oxycodone from 2009 through 2011.

On April 25, 2012, the grand jury indicted Rodriguez on two counts of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On December 13, 2012, a one-count superseding information was filed charging Rodriguez with distributing and possessing, with intent to distribute, heroin, crack cocaine, and oxycodone, between January 1, 2011 through January 9, 2012, in violation of 21 U.S.C. § 841(a)(1).

Rodriguez pleaded guilty to the superseding information on January 2, 2013. The written plea agreement included a nonbinding agreement that the advisory guideline imprisonment range was 21 to 27 months before adjusting for acceptance of responsibility. The presentence report calculated a base level offense of 24 and a criminal history category of III, which generated a 63 to 78 month sentence. Rodriguez objected because it was above the range set out in his plea agreement. The District Court sustained that objection, which the government did not resist, and set the advisory guideline range at 21 to 27 months, the "precise range that was contemplated in the plea agreement that defendant signed." App. at 17.

After hearing from Rodriguez, his counsel, and the government, the District Court proceeded to consider the § 3553(a) factors. The District Court noted that Rodriguez had a "remarkable criminal record" that "began at age 13" and "continued over the decade and a half since then. There are *juvenile convictions*, including one for receipt of stolen property, two convictions for possession with intent to deliver a controlled substance, simple assault, and two convictions for simple possession." *Id.* at 22–23 (emphasis added). The District Court noted that Rodriguez had "an adult criminal record that includes a conviction for a fight to avoid apprehension, three convictions for possession of marijuana and possession of paraphernalia, [and] five convictions for driving while operating privileges [were] suspended for DUI related offenses." *Id.* at 23. The court imposed a 27-month sentence, the high end of the guideline range.

Rodriguez appeals, arguing that the District Court erred in treating his juvenile adjudications as adult convictions at sentencing. [1]

II

The parties assert that the abuse of discretion standard apples. *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009) (quotation omitted).[2] We first must "'ensure that the District Court committed no significant procedural error in arriving at its decision.'" *Id.* (quoting *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008)). "If we conclude that a court committed no procedural error, we then review the substantive reasonableness of the sentence." *Id.*

III

The District Court inaccurately referred to Rodriguez's juvenile adjudications as juvenile convictions, but this was not a reversible procedural error. "Examples of procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately

[1] The District Court had jurisdiction over this case under 18 U.S.C. § 3231, and we have appellate jurisdiction under 18 U.S.C. § 3742(a).

[2] Although the parties identify abuse of discretion as the standard, Rodriguez did not object during the sentencing hearing to his sentence or to the District Court's use of the word "conviction" to describe the adjudication of his juvenile cases; plain error review applies. However, when a District Court does not abuse its discretion, plain error likely does not occur. *See United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983) (stating that plain error review is, "if anything, even more rigorous than the abuse of discretion standard"). As explained, the District Court did not commit either plain error or abuse its discretion at sentencing, despite its inaccurate use of the word "conviction" to describe the resolution of Rodriguez's juvenile cases.

explain the chosen sentence.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Rodriguez objected to the sentencing range in the PSR, stating that he "strongly believe[d] that the guideline range should be 21 to 27 months" based on the plea agreement. PSR Objs. at 1 (March 25, 2013). The District Court sustained the objection and set the range as Rodriguez requested. After noting Rodriguez's juvenile record, the District Court discussed his "adult criminal record" and thoughtfully discussed the § 3553(a) factors. App. at 23. The District Court imposed a sentence within the guideline range the parties agreed to.

The record belies the assertion that the District Court improperly calculated the guidelines range or imposed a sentence based on an erroneous view of Rodriguez's juvenile record. The District Court's misstatement was not a "significant procedural error." *See Jones,* 566 F.3d at 366.

IV

The sentence was also substantively reasonable. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218. The sentence was within the guideline range, and the District Court carefully explained how the § 3553(a) factors led him to the sentence imposed.

Finding no reversible error, we will affirm.